ATLANTIC MUTUAL FIRE INSURANCE COMPANY, appellants,

*vs.*

SAMUEL L. MOODY and another.

Androscoggin. Opinion February 15, 1883.

*Insurance. Mutual companies. Assessments to meet losses.*

The charter of a mutual fire insurance company required "that all property insured by the company shall be divided into four separate and distinct classes and each class shall be liable for its own. The premium notes of each class of risks shall be holden and assessed to pay the losses occurring in their respective classes and not each for the other." The directors voted "that an assessment be made upon the members of the company to cover losses that have occurred since October 17, 1867;" *Held*, That no action could be maintained to recover an assessment made by such vote upon a premium note in the company, because it ignored a separation into classes both as to members and losses.

ON REPORT.

An appeal from the judgment of the Lewiston municipal court upon an action of assumpsit on the following note:

> "Exeter, N. H. November 8, 1868.

"For value received, in Policy No. 13,169, dated the 8th day of September, 1868, issued by the Atlantic Mutual Fire In-

surance Company, I promise to pay the said company or their treasurer for the time being, the sum of twenty-four dollars, in such portions and at such time or times, as the directors of said company may, agreeably to their act of incorporation and by-laws, require.

(Signed)        Moody and Chamberlain."

The opinion states the material facts.

*William P. Frye, John B. Cotton* and *Wallace H. White,* for the plaintiffs.

*Asa P. Moore,* for the defendants.

DANFORTH, J. An action upon a premium note given in consideration of a policy of insurance, dated September 8, 1868. The note is for the sum of twenty-four dollars and payable " in such portions, and at such time or times, as the directors of said company may, agreeably to their act of incorporation and by-laws, require." It is claimed that two assessments have been made upon this note, which the plaintiff seeks to recover.

To maintain the action it is necessary by the terms of the contract, for the plaintiff to show that the directors, in making these assessments, have conformed to the provisions of its charter and by-laws.

Section two of the charter requires, " that all property insured by the company, shall be divided into four separate and distinct classes, and each class shall be liable for its own losses. The premium notes of each class of risks shall be holden and assessed to pay the losses occuring in their respective classes, and not each for the other, and the policy of each member of the company shall designate with which class of risks he is associated." By article six of the by-laws, such a classification is made. There is no evidence in the case tending to show in which class the defendants were placed; while it is quite evident that it must appear affirmatively that the note in suit was assessed only to pay the losses in the class designated in their policy.

But it is not from a want of evidence only that the plaintiff fails to make out its case, but the affirmative testimony is sufficient to show that in making the assessments no regard was

had to such, or any classification. The vote of the directors of October 16, 1869, by which the first assessment was imposed, as well as that of December 24, 1870, was, " that an assessment be made upon the members of this company to cover losses that have occurred since October 17, 1867," in the first instance, and in the second " since October 15, 1869," in both "to cover the liabilities of the company;" thus distinctly ignoring any separation into classes, both as to members and losses. Neither do we find anything in the list of losses upon the back of the receipts which gives us any information which relieves the difficulty, but rather tends to confirm the inference just drawn. The assessments are therefore void, and it is unnecessary to examine other objections made to them.

*Judgment for defendants.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and SYMONDS,. JJ., concurred.